# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on May 3, 2018

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. |
| | : | |
| v. | : | Offenses: |
| | : | |
| **KELVIN OTUNYO,** | : | 18 U.S.C. § 1344(2) |
| | : | (Bank Fraud) |
| Defendant. | : | |
| | : | 18 U.S.C. § 1028A(a)(1) |
| | : | (Aggravated Identity Theft) |

## **INDICTMENT**

The Grand Jury charges that:
At all times relevant to this Indictment:

## **INTRODUCTION**

1. Defendant KELVIN OTUNYO ("KELVIN") was a citizen of Nigeria and a resident of Maryland.

2. BB&T Corporation ("BB&T") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. Woodforest National Bank was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

### **The Scheme To Defraud**

4. From in or about May 2018, continuing through on or about July 31, 2018, within the District of Columbia and elsewhere, OTUNYO did knowingly and willfully devise a scheme and artifice to defraud BB&T and Woodforest National Bank, and to obtain monies, funds, and

credits owned by or under the custody and control of BB&T and Woodforest National Bank by means of materially false and fraudulent pretenses, representations and promises.

## Object of the Scheme To Defraud

5. It was the object of the scheme for the defendant, OTUNYO, to unlawfully enrich himself by arranging for the fraudulent deposit of stolen checks into bank accounts at BB&T and Woodforest National Bank, and obtaining the proceeds therefrom.

## Manner and Means

6. It was part of the scheme to defraud that, in or about May 2018, OTUNYO contacted PERSON A, whose identity is known to the grand jury, to recruit PERSON A to participate in a fraudulent scheme involving stolen checks. OTUNYO requested that PERSON A provide a photograph of PERSON A's face, which would be used to create a fictitious identification. PERSON A provided OTUNYO with a photograph using the encrypted messaging application "WhatsApp."

7. It was a further part of the scheme to defraud that, on or about July 23, 2018, OTUNYO provided PERSON A with a fraudulent New Jersey driver's license with number ending in 3382, in the name of another person, IDENTITY THEFT VICTIM A, whose identity is known to the grand jury. The above-referenced New Jersey driver's license bore the photograph of PERSON A. OTUNYO also provided PERSON A with a prepaid debit card in the name of IDENTITY THEFT VICTIM A and $200 in cash for use in registering a corporation.

8. It was a further part of the scheme to defraud that OTUNYO instructed PERSON A to register a corporation in the District of Columbia in the name of COMPANY A, the identity of which is known to the grand jury.

9. It was a further part of the scheme to defraud that, on or about July 24, 2018, acting pursuant to instructions from OTUNYO, PERSON A did register COMPANY A with the District of Columbia Department of Consumer and Regulatory Affairs, within the District of Columbia, using the identity of IDENTITY THEFT VICTIM A.

10. It was a further part of the scheme to defraud that OTUNYO instructed PERSON A to register a second corporation in Maryland in the name of COMPANY B, the identity of which is known to the grand jury.

11. It was a further part of the scheme to defraud that, further on or about July 24, 2018, OTUNYO and PERSON A traveled together to Baltimore, Maryland, where PERSON A, acting pursuant to instructions from OTUNYO, did register COMPANY B with the State of Maryland Department of Assessments and Taxation, using the identity of IDENTITY THEFT VICTIM A.

12. It was a further part of the scheme to defraud that, on or about July 26, 2018, OTUNYO instructed PERSON A to open a bank account in the name of COMPANY A using the identity of IDENTITY THEFT VICTIM A. OTUNYO further instructed PERSON A to open a bank account in the name of COMPANY B, also using the identity of IDENTITY THEFT VICTIM A. OTUNYO directed PERSON A to deposit $100.00 into each new bank account in the name of COMPANY A and COMPANY B, and promised to provide $200.00 for such purpose.

13. It was a further part of the scheme to defraud that, on or about July 26, 2018, OTUNYO provided PERSON A with a valid Social Security Number belonging to IDENTITY THEFT VICTIM A, for use in establishing bank accounts in the names of COMPANY A and COMPANY B.

14.     It was a further part of the scheme to defraud that, on or about July 27, 2018, OTUNYO transmitted $200.00 to PERSON A using the application "Cash App," which is an application used to send and receive money.

15.     It was a further part of the scheme to defraud that, on or about July 27, 2018, acting pursuant to instructions from OTUNYO, PERSON A established a BB&T bank account with account number ending in 3033 in the name of COMPANY A ("BB&T Account 3033") at a BB&T bank branch in the District of Columbia, using the identity of IDENTITY THEFT VICTIM A.  After opening BB&T Account 3033, PERSON A provided the account number and other bank account information to OTUNYO.

16.     It was a further part of the scheme to defraud that, on or about July 30, 2018, acting pursuant to instructions from OTUNYO, PERSON A established a Woodforest National Bank account with account number ending in 2200 in the name of COMPANY B ("Woodforest Account 2200") at a Woodforest National Bank branch in Hyattsville, Maryland, using the identity of IDENTITY THEFT VICTIM A.  After opening Woodforest Account 2200, PERSON A used WhatsApp to send an image of the checkbook for Woodforest Account 2200 to OTUNYO.

17.     It was a further part of the scheme to defraud that, on or about July 30, 2018, OTUNYO met with PERSON A and provided PERSON A with a stolen check in the amount of $34,957.50, payable to a company with a name similar to COMPANY A, and a stolen check in the amount of $17,579.94, payable to a company with a name similar to COMPANY B.

18.     It was a further part of the scheme to defraud that, on or about July 30, 2018, acting pursuant to instructions from OTUNYO, PERSON A deposited the stolen check in the

amount of $34,957.50, payable to a company with a name similar to COMPANY A, into BB&T Account 3033 at a BB&T branch in Alexandria, Virginia.

19. It was a further part of the scheme to defraud that, on or about July 31, 2018, acting pursuant to instructions from OTUNYO, PERSON A attempted to deposit the stolen check in the amount of $17,579.94, payable to a company with a name similar to COMPANY B, into Woodforest Account 2200 at a Woodforest National Bank branch in Sterling, Virginia. However, Woodforest National Bank declined to accept the deposit of the above-referenced stolen check in the amount of $17,579.94.

## COUNTS ONE AND TWO
**(Bank Fraud)**

20. The allegations set forth in paragraphs 1 through 19 above of this Indictment are re-alleged and incorporated by reference herein.

21. On or about the dates set forth below, in the District of Columbia and elsewhere, OTUNYO knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises:

| Count | On or About Date | Bank | Fraudulent Account Name | Stolen Check Amount |
|---|---|---|---|---|
| 1 | May 2018 through July 30, 2018 | BB&T Corporation | COMPANY A | $34,957.50 |
| 2 | May 2018 through July 31, 2018 | Woodforest National Bank | COMPANY B | $17,579.94 |

**(Bank Fraud, in violation of Title 18, United States Code, Section 1344(2))**

## COUNT THREE
### (Aggravated Identity Theft)

22. The allegations set forth in paragraphs 1 through 19 above of this Indictment are re-alleged and incorporated by reference herein.

23. On or about July 26, 2018, in the District of Columbia and elsewhere, OTUNYO, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud in violation of 18 U.S.C. § 1344(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, a Social Security Number, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft, in violation of
Title 18, United States Code, Section 1028A(a)(1))**

A TRUE BILL:

FOREPERSON.

_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA