UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>KELVIN OTUNYO,<br><br>      Defendant. | Criminal Action No. 18-251 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

  Defendant Kelvin Otunyo was sentenced, on August 13, 2021, to 66 months' incarceration on two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2), and two counts of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), to run concurrently, and 24 months' incarceration for one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), to run consecutively to all other counts, for a total of 90 months' incarceration.  *See* Judgment at 3, ECF No. 111.  He now moves, *pro se*, for a reduction of his sentence to 82 months, pursuant to 18 U.S.C. § 3582, in light of Part A of Amendment 821, enacted on April 27, 2023, and effective November 1, 2023.  *See* Def.'s Mot. for Sentence Reduction ("Def.'s Mot."), ECF No. 124.  The government "does not oppose a three-month reduction in the defendant's sentence of imprisonment, from 90 months to 87 months, which represents the lower bound of the defendant's amended Guidelines range."  Gov't's Resp. to Def.'s Mot. for Sentence Reduction ("Gov't's Resp.") at 1, ECF No. 125.  For the reasons explained below, defendant's motion is granted in part, and his sentence is reduced to 87 months' incarceration.

1

I.  **BACKGROUND**

Defendant was indicted, on August 16, 2018, on two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2), and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).  *See* Indictment at 5–6, ECF No. 1.  A superseding indictment was filed, on March 26, 2019, charging defendant, in addition to his two counts of Bank Fraud (Counts 1 and 2) and one count of Aggravated Identity Theft (Count 3), with two counts of Conspiracy to Launder Monetary Instruments (Counts 4 and 5), in violation of 18 U.S.C. § 1956(h).  *See* Superseding Indictment, ECF No. 17.

On April 1, 2021, defendant pled guilty, without a plea agreement, to all five charges in the superseding indictment.  *See* Min. Entry (Apr. 1, 2021).  On August 13, 2021, he was sentenced, in relevant part, to 66 months' incarceration on each of Counts 1, 2, 4, and 5 to run concurrently, and 24 months' incarceration on Count 3 to run consecutively to all other counts, for a total of 90 months' incarceration.  *See* Judgment at 3.

Defendant's sentence was below the recommended Guidelines range of 94 to 111 months, based on defendant's criminal history category of II, a total offense level of 26 for Counts 1, 2, 4, and 5, and a mandatory consecutive 24-month sentence for Count 3.  Specifically, defendant's criminal history category of II was based on a finding that his criminal history score was 3, which reflected one point, pursuant to U.S.S.G. § 4A1.1(c), for a 2013 New York conviction for criminal possession of stolen property in the third degree, and two points, pursuant to U.S.S.G. § 4A1.1(d), for committing the instant offense while on probation from that 2013 conviction pursuant.  *See* Snt'g Tr. at 14–15, ECF No. 116; *see also* Revised Final Pre-Sentence Investigation Rep. ("Final PSR") ¶¶ 97–100, ECF No. 110.

2

To calculate the recommended Guidelines sentencing range, Counts 1, 2, 4, and 5 were grouped pursuant to U.S.S.G. § 3D1.2(c) and (d), and defendant's total offense level ("OL") was determined based on the "most serious" subgroup—Conspiracy to Launder Monetary Instruments—pursuant to U.S.S.G. § 3D1.3(a). *See* Snt'g Tr. at 60–61; *see also* Final PSR ¶ 85. Defendant's total offense level was then calculated as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2S1.1(a)(1) | Apply OL for Bank Fraud Conspiracy | |
| U.S.S.G. § 2B1.1(a)(1) | Base OL | 7 |
| U.S.S.G. § 2B1.1(b)(1)(G) | More than $250,000 loss | +12 |
| U.S.S.G. § 2B1.1(b)(10)(C) | Sophisticated Means Used | +2 |
| U.S.S.G. § 2S1.1(b)(2)(B) | Convicted Under 18 U.S.C. § 1956 | +2 |
| U.S.S.G. § 2S1.1(b)(3) | Sophisticated Laundering Used | +2 |
| U.S.S.G. § 3B1.1(b) | Manager/Supervisor Role Adjustment | +3 |
| U.S.S.G. § 3E1.1(a) | Acceptance of Responsibility Credit | -2 |
| | **Total Offense Level** | **26** |

*See* Snt'g Tr. at 61–62. The total offense level of 26, combined with a criminal history category of II, resulted in an advisory Guidelines range of 70 to 87 months' incarceration for Counts 1, 2, 4, and 5. *Id.* at 62. The mandatory consecutive 24-month sentence for Aggravated Identity Theft (Count 3) was added to the Guidelines range pursuant to 18 U.S.C. § 1028A(a)(1) and (b)(2), resulting in a total Guidelines range of 94 to 111 months' incarceration. *Id.*; *see also* Statement of Reasons at 1, ECF No. 112.

With this Guidelines range in mind, the Court concluded that a sentence of 78 months' incarceration, in the middle of the applicable Guidelines range for the conspiracy and Bank Fraud counts, was appropriate. *See* Snt'g Tr. at 100–01. It then applied a six-month downward departure to account for defendant's mandatory post-incarceration deportation from the United States pursuant to *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), and a six-month downward departure to account for the severity of the conditions of confinement during the COVID-19 pandemic. *See id.* Based on these findings, defendant was sentenced to 90 months' incarceration, *i.e.*, $78 - 6 - 6 + 24 = 90$.

3

The Court of Appeals affirmed both the calculation of the applicable Guidelines range and defendant's sentence. *See United States v. Otunyo*, 63 F.4th 948, 956–961 (D.C. Cir. 2023).

## II.  DISCUSSION

Part A of Amendment 821 amended U.S.S.G. § 4A1.1, which governs the calculation of a defendant's Criminal History Category, by striking subsection (d), which read "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," redesignating subsection (e) as subsection (d), and inserting a new subsection (e). *See* Amendment 821, U.S. Sentencing Comm'n, https://www.ussc.gov/guidelines/amendment/821. The new subsection (e) provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Put differently, before Amendment 821, a defendant with six or fewer criminal history points who committed the offense while under a criminal justice sentence, like any other defendant, would have received two extra criminal history points. After Amendment 821, the same defendant would receive no extra points. The Sentencing Commission announced, on August 24, 2023, that Amendment 821 applies retroactively and further directed that no defendant could be ordered released based on this amendment prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2).

When the Sentencing Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by this amendment, "the court may reduce the term of imprisonment, after considering the factors set

4

forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The relevant policy statement, U.S.S.G. § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended guidelines range while 'leaving all other guideline application decisions unaffected.'" *Dillon v. United States*, 560 U.S. 817, 821 (2010) (alteration in original accepted) (quoting U.S.S.G. § 1B1.10(b)(1)). "Except in limited circumstances, however, [U.S.S.G.] § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term of imprisonment that is less than the minimum of the amended guideline range.'" *Id.* at 822 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

When implementing § 3582(c)(2) in practice, district courts are instructed to follow a two-step approach: First, a court "determin[es] the amended guideline range that would have been applicable to defendant had the relevant amendment been in effect at the time of the initial sentencing" by substituting only the amendments covered by U.S.S.G. § 1B1.10 and "leav[ing] all other guideline application decisions unaffected." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). Second, a court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Reference to § 3553(a) "cannot serve to transform" the "circumscribed" § 3582(c)(2) proceedings into "plenary resentencing proceedings." *Id.*

Applying the two-step framework here: Step one results in an amended Guidelines range of 87–102 months' incarceration. If Amendment 821 had been applicable at the time of defendant's sentencing, defendant would still receive one criminal history point, pursuant to U.S.S.G. § 4A1.1(c), for his 2013 New York conviction but would not receive any points,

5

pursuant to U.S.S.G. § 4A1.1(e), for committing the instant offense while under a criminal justice sentence because he has six or fewer criminal history points. One criminal history point results in a criminal history category of I, which, coupled with a total offense level of 26, results in an advisory range of 63–78 months for Counts 1, 2, 4, and 5. U.S.S.G. Ch. 5 Pt. A; *see also* Def.'s Mot. at 2 (agreeing with Guidelines range); Gov't's Resp. at 4 (same). Adding the 24-month mandatory consecutive sentence for Count 3, the total advisory range is 87–102 months.[1]

Turning to step two, the § 3553(a) factors are considered, with particular attention to "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 Application Note 1(B)(ii). A defendant's post-sentencing conduct may also be considered. *Id.* at 1(B)(iii). A court has broad discretion in deciding whether and to what extent to reduce a sentence. *See Dillon*, 560 U.S. at 827–29.

Both parties favor the approach the Court took in its original sentencing: a sentence at the middle of the Guidelines range with a six-month *Smith* departure and a six-month downward departure to account for conditions of confinement during the COVID-19 pandemic. *See* Def.'s Mot. at 2; Gov't's Resp. at 7. The middle of the new Guidelines range is 94.5 months, and subtracting twelve months results in 82.5 months. Defendant thus asks for an amended sentence of 82 months' incarceration. Def.'s Mot. at 2. The government, in turn, argues that "the Court is limited by § 1B1.10(b)(2) and can only reduce the defendant's sentence to 87 months." Gov't's Resp. at 7. The government is correct.

---

[1] Defendant incorrectly applies the two six-month downward departures before adding the 24-month mandatory consecutive sentence for Count 3. *See* Def.'s Mot. at 2. The applicable Guidelines range, however, is determined before considering any departure provision in the Guidelines when evaluating a motion for sentence reduction 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10 Application Note 1(A).

U.S.S.G. § 1B1.10 provides only one exception to the general rule that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G § 1B1.10(b)(2)(A). This exception is for substantial assistance; that is, for when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of the sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B.10(b)(2)(B).[2] This exception is not triggered here. Defendant's sentence may thus not be reduced below 87 months.

The relevant § 3553(a) factors support a reduction in sentence to 87 months, and the discussion of the § 3553(a) factors at defendant's sentencing hearing are incorporated herein by reference. *See* Snt'g Tr. at 92–101. To summarize, the offense involved a series of complex and sophisticated bank fraud and money laundering schemes significantly affecting multiple victims located across the country over a relatively short period of only one year. Defendant's involvement in these schemes began after his associate Michael Orji was sentenced to ten years' imprisonment and while defendant was on probation, demonstrating a lack of respect for the law, a need for deterrence, a likelihood of recidivism, and a danger to the community. The Court is unaware of any relevant post-sentencing conduct or disciplinary concerns and agrees with the government that a three-month reduction in sentence would not "tip the balance against an otherwise appropriate reduction in this case." Gov't's Resp. at 7. Accordingly, defendant's sentence is reduced from 90 to 87 months.

---

[2] *Dillon* states that one exception to this general rule is when "the sentencing court originally imposed a term of imprisonment below the Guidelines range," 560 U.S. at 827, which the Court did here. While true under the version of the Sentencing Guidelines in effect during *Dillon*, this exception has since been amended, however, to require that a defendant also have provided substantial assistance.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion for a Sentence Reduction, ECF No. 124, is **GRANTED IN PART**. An amended judgment will be filed separately.

**SO ORDERED.**

Date: January 4, 2024

_____
**BERYL A. HOWELL**
United States District Judge